IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:02CV157-1-MU

| | |
|---|---|
| RONNIE TENCH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| SID HARKLEROAD, supt., ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed June 6, 2002.

For the reasons set forth below, this Court grants Respondent's Motion for Summary Judgment and dismisses Petitioner's Petition for a Writ of Habeas Corpus.

## PROCEDURAL HISTORY

On February 16, 1996, in the Superior Court of Gaston County, after trial by jury, Petitioner was convicted of first degree sexual offense and sentenced to 339-416 months imprisonment. On August 5, 1997, the North Carolina Court of Appeals issued an unpublished opinion finding no error. On March 22, 2001, Petitioner filed a certiorari petition in the Supreme Court of North Carolina which was denied on June 7, 2001. On July 6, 2001, Petitioner submitted a Motion for Appropriate Relief (MAR) in the Superior Court of Gaston County which was summarily denied on August 3, 2001. On August 31, 2001, Petitioner filed a certiorari petition with the Supreme Court of North Carolina which was denied on January 31, 2002.

Petitioner then dated his federal habeas petition form March 22, 2002, and filed it with this Court on April 17, 2002. In his federal habeas petition Petitioner alleges that his conviction was obtained in violation of the due process of law. Petitioner also alleges that he received ineffective assistance of counsel by both his trial and appellate counsel. In addition, Petitioner alleges that his conviction was obtained in violation of his equal protection rights.

## ANALYSIS

### A. APPLICABLE LAW

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has

properly presented a claim to the state court but the state court has not adjudicated the claim on the merits,[1] a federal court reviews the claims questions of law and mixed questions of law and fact de novo. Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 528 U.S. 225 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999). The standard of review is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002). This deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the

---

[1] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

3

Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

B. **INEFFECTIVE ASSISTANCE OF COUNSEL**

    1. **Failure to Obtain Impeachment Evidence**

Petitioner alleges that he received ineffective assistance of counsel because his counsel failed to obtain evidence that would have allowed him to present to the jury substantial impeachment evidence. More specifically, Petitioner asserts that his counsel failed to present law enforcement investigation reports regarding sexual abuse accusations the victim had previously made against two other individuals. In addition, Petitioner alleges that his counsel failed to interview the other two accused individuals, failed to interview the doctors involved in the two prior cases, and failed to obtain all pertinent records related to the prior two accusations. Petitioner contends that if his counsel had conducted such an investigation and presented such evidence to the trial court, the trial court would have permitted the introduction into evidence of the victim's prior two false accusations.

Petitioner raised this same claim in his in his petition for discretionary review to the North Carolina Supreme Court as well as in his Motion for Appropriate Relief (MAR) and in his certiorari petition to the North Carolina Court of Appeals. In each instance this claim was summarily denied. A summary dismissal is consider an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en

4

banc). As set forth below, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

The established Supreme Court precedent governing ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Petitioner has not established the requisite prejudice prong. That is, there is no evidence in the record sufficient to prove that evidence existed that Petitioner's counsel could have discovered that would have caused the trial court to admit evidence concerning the prior two accusations. The only specific evidence Petitioner provides is a police report.[2] Petitioner

---

[2] The Court notes that Petitioner places great emphasis on a police investigative report in which a detective noted the district attorney's reluctance to press charges because the alleged victim had previously lied about being sexually abused. Contrary to Petitioner's belief, this report does not establish that the victim had previously falsely accused two other individuals of sexual abuse. As an initial matter, the statement in the report is hearsay. There is no indication

provides no other evidence – just mere speculation. Simply put, Petitioner has not met his burden of establishing prejudice. Mere speculation that such evidence existed is insufficient to establish prejudice. Moreover, even if such evidence existed, it is arguable that such evidence would not overcome the strong evidence supporting Petitioner's guilt in the instant case. Here, Petitioner's guilt was supported by specific medical evidence and an adult eyewitness.

Based upon the above, this Court cannot conclude that the state court's decision to deny Petitioner's ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

**2. Prior Record**

Petitioner alleges that his counsel was constitutionally ineffective for erroneously stipulating to two prior convictions that were used to calculate his prior record level. In support of his contention Petitioner attaches a criminal record check that he obtained in February 2002 which does not list a misdemeanor larceny conviction or a misdemeanor communicating threats conviction both of which were used in 1996 to calculate Petitioner's prior record level.

Petitioner raised this same claim in his in his petition for discretionary review to the North Carolina Supreme Court as well as in his Motion for Appropriate Relief (MAR) and in his certiorari petition to the North Carolina Court of Appeals. In each instance this claim was

---

whatsoever that this hearsay statement was made after a thorough review of the two prior cases. Moreover, the trial court knew of the two prior sexual abuse accusations by the victim and that no convictions had resulted from these accusations. Child sexual abuse cases are fraught with difficulties and there are many explanations for the lack of convictions resulting from her prior accusations.

summarily denied. A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc). As set forth below, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

Again, the established Supreme Court precedent governing ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Interestingly, Petitioner does not allege that he was never convicted of these two crimes. Rather, he alleges that because these two convictions did not appear on a recent criminal record check[3] his counsel was ineffective for failing not to challenge the use of these convictions in

---

[3] The copy of Petitioner's criminal record check submitted to the Court by Petitioner does not appear to have included all the pages. That is, the last page has the word "more" at the end.

calculating his prior record level. Moreover, Petitioner does not allege that he ever informed his counsel that he was never convicted of the two crimes. Petitioner's allegations simply do not support a finding that his counsel was ineffective or that he was prejudiced by his counsel's alleged failure to further investigate his criminal history.[4]

Based upon the above, this Court cannot conclude that the state court's decision to deny Petitioner's prior record claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

### 3. Failure to Challenge Lack of Transcript

Petitioner also alleges that his counsel was ineffective for failing to object to the trial court's instruction to the jury to continue their deliberations using their best recollection in place of the requested transcript of the victim's testimony.

Petitioner raised this same claim in his in his petition for discretionary review to the North Carolina Supreme Court as well as in his Motion for Appropriate Relief (MAR) and in his certiorari petition to the North Carolina Court of Appeals. In each instance this claim was summarily denied. A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc). Again, the established Supreme Court precedent is Strickland v. Washington, 466 U.S.

---

[4] Indeed, a criminal judgment and an official computer print out establish that Petitioner was in fact convicted of these two charges. Significantly, Petitioner does not contest the validity of these documents in his reply to Respondent's Motion for Summary Judgment.

668, 687-91 (1984).

In the instant case, Petitioner has failed to establish that he was prejudiced by his counsel's failure to object to the trial court's response to the jury's request for a transcript. Mere speculation is not enough to support his claim. Moreover, it is unclear to this Court if Petitioner's counsel was ineffective for failing to object to the trial court's decision. Petitioner cites no case law to support the proposition that such an objection would have been successful.

## C. DUE PROCESS

### 1. Failure to Obtain Impeachment Evidence

Petitioner alleges that his conviction was obtained in violation of his due process rights because his counsel failed to obtain evidence that would have allowed him to present to the jury substantial impeachment evidence. More specifically, Petitioner asserts that his counsel failed to present law enforcement investigation reports regarding sexual abuse accusations the victim had previously made against two other individuals. In addition, Petitioner alleges that his counsel failed to interview the other two accused individuals, failed to interview the doctors involved in the two prior cases, and failed to obtain all pertinent records related to the prior two accusations. Petitioner contends that if his counsel had conducted such an investigation and presented such evidence to the trial court, the trial court would have permitted the introduction into evidence of the victim's prior two false accusations.

Petitioner's claim is really just a rewording of his ineffective assistance of counsel claim on the same charge. Petitioner cites no precedent for converting his ineffective assistance of counsel claim on this basis to a due process claim. Merely calling some action or inaction a due

process violation does not necessarily make it so.[5]

## 2. **Failure to Object to Lack of Transcript**

Petitioner alleges that his due process rights were violated when his counsel failed to object when the trial court, in response to the jury's request for a transcript, instructed the jury to use their best recollection of the victim's trial testimony.[6]

Petitioner raised this same claim in his in his petition for discretionary review to the North Carolina Supreme Court as well as in his Motion for Appropriate Relief (MAR) and in his certiorari petition to the North Carolina Court of Appeals. In each instance this claim was summarily denied. A summary dismissal is consider an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc).

Because the state court adjudicated his claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

Petitioner has not identified any Supreme Court precedent addressing this issue. Nor is

---

[5] To the extent Petitioner is attempting to assert a constitutional compulsory process claim under the Sixth Amendment, he fails to articulate how the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.

[6] The trial court informed the jury that he could not provide them with the requested transcript because the court did not possess the technology to produce such a transcript. (Tr. Trans. pp. 341-42).

this Court aware of any such precedent. Consequently, this Court cannot conclude that the state court's decision to deny Petitioner's due process claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

### 3. Failure to Object to Prior Record Level

Petitioner alleges that his counsel's failure to object to the calculation of his prior record level violated his due process rights. Again, Petitioner cannot transform an ineffective assistance of counsel claim into a due process claim merely by labeling it as such. Indeed, taken out of the rubric of ineffective assistance of counsel, the alleged miscalculation[7] of his prior record is really a state law claim which is not cognizable on federal habeas review. Not every state law error is a due process claim and Petitioner cites no relevant authority to support his contention that a state's miscalculation of a sentence under its sentencing scheme constitutes a due process violation.

### D. EQUAL PROTECTION CLAIM

Petitioner alleges that his equal protection rights were violated when the trial court judge ordered the jury to resume deliberations without the requested transcript testimony of the victim where other counties have the technology to provide the jury with transcript testimony.

Petitioner raised this same claim in his certiorari petition, his MAR, and his petition for

---

[7] Indeed, a criminal judgment and an official computer print out establish that Petitioner was in fact convicted of these two charges.

discretionary review where each time it was summarily denied. A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc).

The Court is unaware of, and Petitioner cites to no, Supreme Court precedent establishing that a defendant has a constitutional right for a jury to have access to the trial transcript during deliberations. Consequently, this Court cannot conclude that the state court's decision to deny Petitioner's equal protection claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

### E. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Petitioner alleges that he received ineffective assistance of appellate counsel because his appellate counsel failed to discover that the lack of records regarding two prior convictions; he failed to raise an ineffective assistance of counsel claim on direct appeal; and failed to raise an equal protection claim on direct appeal.

Petitioner raised his ineffective assistance of appellate counsel claims in his certiorari petition to the North Carolina Supreme Court where it was summarily denied. A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc).

As already stated, the established Supreme Court precedent governing ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of

12

counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Each of these underlying issues has already been addressed previously in this Order. For the reasons set forth previously regarding each of these claims, Petitioner, at a minimum, cannot establish that he was prejudiced. Consequently, Petitioner cannot establish that state court's decision to deny Petitioner's ineffective assistance of appellate counsel claims were contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED**; and

2. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

**Signed: August 29, 2005**

Graham C. Mullen
Chief United States District Judge